_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

OCT 14 2025

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF THE FOLLOWING PROPERTY:<br><br>$190,000.00 in Cathay Bank account number 53055489 | Case No. 8:25-mj-01289-GLS |

### AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT

I, Fred D. Apodaca, being duly sworn, depose and state:

### INTRODUCTION AND AGENT'S BACKGROUND

1.  I am a Special Agent with the United States Secret Service ("USSS") assigned to the Los Angeles Field Office Asset Forfeiture Squad. I have been employed by the USSS since February 2008. In this capacity, I am responsible for investigating violations of federal criminal law, particularly those laws found in Title 18 of the United States Code and relating to financial institution fraud, credit card fraud, identity theft, and stolen U.S. Treasury Checks. I have received formal training at the Federal Law Enforcement Training Center and the USSS James J. Rowley Training Center. My training includes, but is not limited to, various investigative techniques and tactics regarding financial crimes, including credit card fraud, identity theft, illegal methods used to obtain credit cards, bank loans, and other lines of credit, and methods used to launder and conceal the proceeds. Prior to my employment with the U.S. Secret Service, I was employed for four years as a Financial Analyst with the Federal Bureau of Investigation.

2.  Unless stated otherwise, I have personal knowledge of the matters set out in this affidavit. To the extent that any information in this affidavit is not within my personal knowledge, it was made known to me through reliable law enforcement sources, and I believe it to be true.

3. The facts set forth in this affidavit are based upon my own personal observations, my training and experience, and information obtained during this investigation from other sources, including: (a) statements made or reported, directly or indirectly, by various witnesses with personal knowledge of relevant facts, including other law enforcement officers; (b) records obtained during the course of this investigation; and (c) interviews conducted by other USSS special agents.

4. This affidavit is intended to show that there is sufficient probable cause for the requested seizure warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only. All figures, times, and calculations set forth herein are approximate.

## PURPOSE OF AFFIDAVIT

5. This affidavit is made in support of an application for a warrant to seize: up to $190,000.00 (the "Subject Funds") in Cathay Bank[1] account number 53055489 (the "Subject Account"), held in the name of Lumerican Incorporated ("Lumerican").

6. Based on the facts set forth below, there is probable cause to believe that the Subject Funds represent proceeds of 18 U.S.C. § 1343 (Wire Fraud), which constitutes "specified unlawful activity" pursuant to 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B). Specifically, there is probable cause to believe that the Subject Funds are proceeds of romance scams (*i.e.*, confidence

---

[1] Cathay Bank is headquartered in Los Angeles, California.

frauds[2]), and social engineering scams,[3] perpetrated against numerous victims. Therefore, the Subject Funds are subject to seizure pursuant to 18 U.S.C. § 981(b)(2) and civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

7. In addition, there is probable cause to believe that the Subject Funds are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(f) because the funds would, in the event of conviction on the alleged underlying offenses, be subject to criminal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and an order under section 21 U.S.C. § 853(e) would not be sufficient to assure the availability of the property for forfeiture.

8. Under 18 U.S.C. § 981(b)(3), ". . . a seizure warrant may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against the property may be filed under section 1355(b) of title 28, and may be executed in any district in which the property is found . . ."

## SUMMARY OF PROBABLE CAUSE

9. USSS has identified a victim of a romance or confidence fraud who transferred funds based on fraudulent pretenses directly into the Subject Account. This account was first identified as suspicious in December 2023, after a Cathay Bank ("Cathay") investigator observed

---

[2] According to Blackstone's Criminal Practice, confidence frauds involve a victim transferring money and/or property as a result of being deceived or misled by the offender.

[3] Social engineering is a method used to manipulate victims into performing certain actions or providing confidential information. When successfully executed, social engineering techniques can cause a victim to send money to someone whom he or she met on a dating website or to provide confidential information such as his or her personal identifiable information and bank account information. Additionally, victims sometimes serve as money mules, individuals recruited to receive and transfer money acquired from criminal activities on behalf of criminals and money launderers.

suspicious activity in the Subject Account that was recently opened and received one large wire transfer deposit followed by an attempt to wire the funds out to Dubai, United Arab Emirates. Given the suspicious activity on the account, Cathay contacted the USSS for further investigation.

10. On or about October 10, 2023, the Subject Account was opened in the name Lumerican Incorporated, with an identified address of 4125 Kissena Blvd., #123, Flushing, New York 13355. The account opening documents identified Fu Ching Chuang ("Chuang") as the only authorized signer, with a listed address of 3rd Floor #24 Alley Z Lane 53, Xiushan, New Taipei, Taiwan.

## CONFIDENCE AND ROMANCE SCAM VICTIM

11. As described in further detail below, a fraud victim interviewed by USSS related information about having been lured into an online relationship with a person whom they had never met in person. The victim was then induced to transfer funds to a bank account by their online "friend," however in reality the account was controlled by fraudsters.

12. In March 2025, I spoke to victim W.B. of Bethesda, Maryland, regarding a November 11, 2023, $190,000.00 wire transfer he sent to the Subject Account. W.B. advised that in or around the summer of 2023, he received an unsolicited email on WhatsApp from a female who said her name is Cathy Zhang ("Zhang"). Zhang and W.B. communicated on WhatsApp via email and video chat over the next few months. W.B. described Zhang as an attractive female in her mid-30s, however he never met Zhang in person. Zhang told W.B. she was from China and was an equity partner in a fashion store located in Florida. W.B. considered his relationship with Zhang to be a friendship and most of their conversations were about economics and politics.

13. In November 2023, Zhang told W.B. that she had earned a significant capital return by investing in crypto currency. Zhang said that her brother-in-law, who she claimed works at a hedge fund called Sequoia Capital, provides her with investing advice. In November 2023, W.B. decided to invest in crypto currency and Zhang told him to send funds to a crypto currency company called Vincent Services. Zhang provided W.B. wiring instructions for the Subject Account, and in November 2023, W.B. sent a $190,000.00 wire transfer to the Subject Account. W.B. never asked Zhang why he was sending funds to a bank account with a different name than Vincent Services. In total, W.B. sent approximately $300,000.00 to different banks for crypto currency investments at Zhang's direction.

14. In November 2023, a Cathay Bank investigator contacted the authorized signer for the Subject Account to inquire why W.B. sent a $190,000.00 wire transfer to the Subject Account. Cathay was provided an 'invoice' allegedly describing purchases by W.B. The invoice contained the following information: Invoice date 10/01/23; items purchased: 89" Refrigerator Equipment Slide Doors, cost $125,307.00; 90" Dual Faucet Beverage Cooler, cost $19,410.00; 90" Triple Glass Door Stainless Steel Cooler, cost $18,510.00; Electric Meat Grinder 1.5 HP, cost $15,796.00; and Double Deck Convection Oven, cost $10,995.00; for a total purchase invoice amount of $190,000.00. The 'invoice' information is wholly inconsistent with the crypto currency investment that was represented to W.B. and the details W.B. conveyed to the USSS.

15. In light of the above, and based on my training and experience, I believe W.B. is a victim of a confidence and romance scam, and the $190,000.00 transferred to the Subject Account on November 1, 2023, represents fraudulent proceeds of such a scam.

## TRACING FRAUD PROCEEDS INTO THE SUBJECT ACCOUNT

16. The Subject Account was opened on October 10, 2023, and funded with a $3,000.00 deposit at the time of opening.

17. From my review of the Subject Account bank statements, the fraudulent proceeds described above were deposited into the Subject Account on November 1, 2023, in the form of a wire transfer from Victim W.B. in the amount of $190,000.00.

18. Based on the foregoing suspect activity, Cathay Bank placed a 'hold' on the account in December 2023. Between the time of account opening and the time of the 'hold', no other deposits or withdrawals were made to or from the Subject Account.

## CONCLUSION

19. Based upon the foregoing, there is probable cause to believe that the Subject Funds represent proceeds of violations of 18 U.S.C. § 1343 (Wire Fraud), which constitutes "specified unlawful activity" pursuant to 18 U.S.C §§ 1956(c)(7)(A) and 1961(1)(B). Therefore, the Subject Funds are subject to seizure under 18 U.S.C § 981(b)(2) and civl forfeiture pursuant to 18 U.S.C § 981(a)(1)(C).

**[CONTINUED ON NEXT PAGE]**

20.     In addition, there is probable cause to believe that the Subject Funds are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(f) because the funds would, in the event of conviction on the alleged underlying offenses, be subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  Finally, because the perpetrator(s) of this fraud scheme have not yet been identified, and due to the fluid and fungible nature of bank account funds, I respectfully submit that an order under section 21 U.S.C. § 853(e) would not be sufficient to assure the availability of the property for criminal forfeiture.

*fapodaca*
Digitally signed by fapodaca
Date: 2025.06.09 15:07:16 -07'00'

_____
Special Agent Fred D. Apodaca
United States Secret Service

Affidavit submitted by email and attested to me as true and accurate by telephone, consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this ___12th___ day of June 2025.

_____
The Honorable Gina L. Simms
United States Magistrate Judge